ALBANY,
Jan. 1813.

VAN ORDEN
v.
VAN ORDEN.

A. died seised of a large real and personal estate, which he devised to his two sons for life: and gave to his wife an annuity of 50 dollars, during her widowhood, and directed his sons, the devisees, in consideration of the bequest to them, to pay the said sum of 50 dollars to his wife, yearly, so long as she should continue his widow; and which annuity was to be in lieu of dower.
The devisees proved the will and took possession of the estate so devised to them, and paid the widow, on account of the legacy so bequeathed to her, 75 dollars; but afterwards refused to pay any more. In an action of *assumpsit*, brought by the *legatee* against the *devisees*, to recover the annual sums which remained due and unpaid, on account of the legacy, it was held, that the acceptance and enjoyment of the estate devised, and an actual payment of part of the *annuity* by the devisees, was conclusive evidence of, and equivalent to, an *express promise* by them to pay the annuity, and that the plaintiff was entitled to recover. And an acceptance of the legacy by the widow was held to be an equitable bar of dower; and that the payment of part, and judgment recovered by her for the residue remaining due, would be a good plea in bar, *at law*, to an action for her *dower*, being conclusive evidence of an agreement and election to accept the testamentary provision in lieu of dower.

## VAN ORDEN *against* W. AND I. VAN ORDEN.

THIS was an action of *assumpsit* for a *legacy*. The husband of the plaintiff died seised of a large real and personal estate; and by his last will, dated the 2d of *July*, 1807, devised all his real estate (except 69 acres of land) to his two sons, the defendants, during their natural lives. Having proved the will, the defendants entered into possession of the property devised to them, on the 10th of *July*, 1807. The will contained the following bequest to the plaintiff: "I give and bequeath to my beloved wife *Sarah*, for so long a time as she shall remain my widow, the sum of fifty dollars annually. It is my will and pleasure, that my said sons, *William* and *Ignatius*, shall, in consideration of the bequest made to them, pay to my said wife *Sarah*, the said sum of fifty dollars, yearly and every year thereafter, and for so long a time as she shall remain my widow. It is, nevertheless, to be understood, that the said annuity is in lieu of dower."

The estate left by the testator was abundantly sufficient to pay all the debts and legacies. The plaintiff has remained a widow, and has received of the defendants, on account of the said legacy, 75 dollars; and there remained due to her, on the 10th of *July*, 1812, 175 dollars, with interest; to recover which the present suit was brought.

The cause was submitted to the court without argument.

*Per Curiam.* This case does not come entirely within that of *Beecker v. Beecker*, (7 *Johns. Rep.* 99.) for here is no express promise to pay admitted, or stated to have been proved. But the question is, whether here is not a circumstance equivalent to such a promise. The defendants are the original devisees, and, in consideration of the devise, they were expressly charged with the payment of the annuity to the plaintiff. They took possession of the land devised, and they have paid to the plaintiff the first and part of the second annuity. There is no excuse offered why

1

they have discontinued the payment, and, perhaps, it is not going too far, and is within the spirit of the former decision, to consider the acceptance and enjoyment of the estate devised, and the *actual payment of part of the annuity*, as, in this case, conclusive evidence of an express promise to pay, and so as to entitle the plaintiff to recover in this action. The court are inclined to go so far, but this decision will not apply to a suit against a devisee or terretenant who has not either expressly assumed to pay, or given such evidence of the promise.

In *Deeks v. Strutt* (5 *Term Rep.* 690.) there was no express promise to pay the legacy, *though the executor had paid it for several years*, and the court held that the suit would not lie. But the force and effect of such a payment, as evidence of an express promise, does not seem to have been considered by the court, and they went upon reasoning calculated equally to defeat the action whether there was or was not an express promise. But it being now settled that an express promise by the devisee will support the action at law, we are led to consider whether the payment of the annuity in part, be not equivalent to the express promise. It is a solemn act and admission, as strong as any promise, and sup-poses a promise expressly made and to have preceded the payment. After the annuity has been regularly paid for several years, as it was in the case of *Deeks v. Strutt*, it seems unreasonable to con-sider the party as not bound at law to continue to pay, unless you can prove that at some one time he had made an express promise to pay, and then to hold him bound. His payment is the best evidence of such a promise, for it is one partly performed.

Another difficulty has presented itself in this case, and that is, whether the plaintiff, by the acceptance of the annuity already paid, has barred herself of her claim of dower. As the annuity was expressly given in lieu of dower, the acceptance of the an-nuity would no doubt constitute an equitable bar; but unless she has also legally barred herself, it would be improper for a court of law to allow her to recover both her annuity and dower. We are inclined to think, however, that a judgment in her favour in this suit, and especially in connexion with the payment already ac-cepted, would be a good plea in bar of her dower, as being con-clusive evidence of an agreement and election to accept of the testamentary provision, in lieu of dower. In 3 *Leon.* 373. it seemed to be admitted that if the wife accepted of a jointure made *after* marriage, by entry upon the land, it would constitute a legal

bar of dower, and that her election would bind her at law. In *Gosling* v. *Warburton (Cro. Eliz.* 128.) a recovery in dower was held, at law, a bar to a suit for a testamentary provision made for her in lieu of dower. These cases are cited by Lord *Redesdale,* (2 *Sch. & Lef.* 450.) to show that courts of law, as well as courts of equity, will hold the wife to her election ; and that whenever she has by her acts declared that election, and proceeded upon it, she shall be deemed to have put an end to the counter claim. He says (and we all know that he is deservedly considered as a most eminent authority) that there is no difference, in principle, in the decisions of the courts of law and equity on this subject, and that the difficulty of reaching the justice of the case has frequently thrown these questions into courts of equity.

Judgment for the plaintiff.