<span style="float:right">Kennedy<br>v.<br>Mills.</span>

---

## KENNEDY *vs.* MILLS.

The acceptance by a widow on an estate given to her by the will of her husband,*in lieu of dower,*is a bar *at law* as well as *in equity* to her right of dower in other lands whereof her husband died seized.

And although such other lands are charged by the will with a contribution to her support,the neglect or refusal of the owners of such lands to comply with the requirements of the will does not entitle the widow to her action of dower ; her remedy is otherwise.

THIS was an action of *ejectment for dower*, tried at the Montgomery circuit in may, 1833, before Hon. ESEK COWEN, one of the circuit judges.

The plaintiff was the widow of *Henry Matthews*, who, by his last will and testament, gave to her a house and lot in the village of Johnstown, and two cows, one horse and six sheep, together with other property. He also gave to his two sons, John and Barnet, a certain lot of land, known as lot No. 337 of a certain tract, and directed that each son should deliver to his wife annually *ten loads of wood,*and contribute equally to-

NEW YORK, wards the keeping of her *stock*. He declared by his will that
May, 1835.
Kennedy
v.
Mills.

the devises and bequest to his wife were to her during her
natural life *in lieu of her dower*. Lot No. 337 was divided be-
tween the two sons, John and Barnet. Barnet died about 25
years before the trial; up to 1830, the guardian of his son and
heir at law provided the plaintiff with the proportion of wood,
hay and pasture, chargeable by the will upon that portion of
lot No. 337, which, on partition, had fallen to the share of
Barnet. In 1830, the son of Barnet sold and conveyed his
share of lot No. 337 to the defendant, who after his pur-
chase, refused to furnish the plaintiff with wood, hay or pas-
ture. Whereupon this suit was commenced. The judge
ruled that the plaintiff having accepted the property devised
to her by the will of her late husband, her right of dower was
gone, and he accordingly directed a *nonsuit* to be entered.
The plaintiff asks for a new trial.

*D. Cady*, for the plaintiff. An *estate in dower* is a freehold
which cannot pass but by *deed ;* the acceptance by the plain-
tiff of a collateral satisfaction is of no more force than a *parol
contract* for the sale of land, where the vendor accepts the pur-
chase money ; the contract is good in equity, but not at law.
A testamentary provision is no bar of dower *at law*. 1 *Johns.
R.* 307. In *Van Orden* v. *Van Orden*, 10 *Johns. R.* 30, the
court intimate the opinion that a recovery in an action for an
annuity, given in lieu of dower, together with payments pre-
viously accepted, would bar the widow's dower ; which inti-
mation is founded upon *Butler's case*, in 2 *Leon.* 272, which
merely determines that the acceptance of a *jointure* is a bar
to dower, because the statute gives it such effect ; but even in
such case, if the widow is *evicted*, her right of dower is re-
stored. The plaintiff would be content with what was given
to her by the will, but the defendant will not contribute, and
therefore she brings her suit.

*M. T. Reynold*, for the defendant. The plaintiff should have
her remedy, but not by suit for dower. She may go into equity
to enforce the provisions of her husband's will, or she may sue
upon the implied assumpsit arising from previous payments, or

she may distrain. Previous to the assignment of dower, she has no *estate*; it is a *mere right* of dower, and therefore may be passed without deed. So a widow may be barred of dower by matter *in pais*. If she detains the title deeds, her right is gone forever, 2 *Bacon's Abr.* 143; if she pretends falsely to be *ensient*, she forfeits her dower, 3 *Co.* 27; and if she *elects* to take a devise in her husband's will, she is barred. 3 *Rawle*, 393. 10 *Pick.* 507. Even on bill filed to compel her to elect whether she will take her dower or accept of a testamentary provision, and a decree is made against her, she does not *convey*, but merely elects.

*By the Court,* SAVAGE, Ch. J. Where a testamentary provision is made for the widow, which is intended to be in lieu of dower, she has her choice—she may take the provision in the will, or her dower, but cannot have both. There is much learning in the books, as to what shall be considered a provision *in lieu* of dower, and what shall be considered as given to her *in addition* to her dower. Great liberality has been indulged in that respect, and the legacy or testamentary provision will not be adjudged to be in lieu of dower, unless such manifestly appears to have been the intention of the testator. In this case there is no room for doubt on that subject; the testator has expressly declared, " All this I give to my said wife, during her natural life, *in lieu of her dower.*" She accepted what was given to her by the will, and has enjoyed it as in fee for many years, but how long the case does not informs us. On the present defendant refusing to continue the annually contributions, she seeks to recover her dower.

The provision made by the husband is called an *equitable bar*, but I apprehend it is also a *legal bar*. Many of the cases on this subject are in equity; but, as we said by Lord *Redesdale* in *Birmingham* v. *Kirwan,* 2 *Sch. & Lef.* 451, there is no difference in principle in the decision of the courts (of law and equity.) The question has been decided in courts of law, wherever the form of proceeding admitted it. In 2 *Leon.* 272, where a provision in bar of dower was made for the wife *after marriage,* and consequently she was not bound to accept it, it was held that if the wife agreed to such provision, by entry

after the death of the husband, she might be barred in a writ of dower; for her election bound her, though her agreement did not. So in *Cro. Eliz.* 128, where a wife brought an action of dower, she was barred of a rent charge which had been *devised in lieu of dower.* She had made her election, and could not have both provisions. The principle is acknowledged as well at law as in equity, and the only question that can arise in such cases, is whether the testamentary provision was given in lieu of dower. There is no question of that kind in this case, for it is expressly declared to be so given. Our revised statutes contain the same principle, and I apprehend it is equally to be enforced by all courts. The wife may, by her assent before marriage, be barred by a pecuniary provision; if, after coverture, lands or money be given in lieu of dower, she may elect which she will take, but she should not be entitled to both. So also, if the provision be by will; and where she shall be entitled to an election, unless she commence proceedings to recover her dower within one year after her husband's death, she shall be deemed to have elected the provision which has been given in lieu of dower. 1 *R. S.* 741, 2, § 11, 12, 13, 14. This subject has been discussed in several cases in this court. 1 *Johns. R.* 307. 10 *id.* 30. 7 *Cowen*, 287.

It is no answer to say that she has not received *all* that was intended for her. Suppose a pecuniary annuity had been the testamentary provision which she had elected to take, and had actually received it for several years, she is not at liberty to prosecute for her dower on neglect to pay the annuity; but must institute some proper proceeding to compel payment of the annuity. So in this case, the plaintiff may have a remedy to compel a performance of the provisions of the will; but by electing to receive that provision in lieu of dower, *no action for dower can be maintained.*

Motion to set aside nonsuit denied.