Curia, per
Wardlaw, J.
The statute of distributions, passed 1791, provides “that in all cases where provision is made by this Act, for the widow of the person dying intestate, the same shall, if accepted, be considered as in lieu of and in bar of dower.” And the questions here presented for the consideration of the Court are,
1. Does this statutory bar of dower extend to all the lands whereof the widow might have claimed dower, whether aliened by the husband, during coverture or no, or is it confined to those lands whereof the husband died seized, and of which, by the statute, the widow may take a share, as one of the heirs')
2. Is the acceptance of the provision under the statute, a bar of dower at law, or only in equity 1
3. Is distinct manifestation of election made equivalent to acceptance')
1. The very definition of dower shows that the wife entitled to it shall have the third part of all the lands and tenements whereof the husband was seized at any time during the coverture, to hold to herself for the term of her natural life. The alienation of the husband is an immaterial circumstance, as to the right of dower, and a general mention of dower, of course, embraces the whole right, whether in lands aliened, or in those of which the husband continued seized. The fourth essential requisite of a jointure, laid down by Lord Coke, (Co. Lit. 36 b,) is, “ it must be made in satisfaction of her whole dower, and not of part of her dower,” which, he says, “is so plain, it needeth not any example.” Therefore, a conveyance in part of jointure, was declared no bar to dower, from the uncertainty of its expression, and the impracticability of its application (4 Rep. 3,;) but the expression, “ in lieu and bar of dower,” has always been held to satisfy the requisite, and is the usual and approved expression in all jointures. *218 That the Legislature intended that the widow should he barred of dower in all lands whereof she might have been endowed, may be inferred, not only from the general and unqualified expression, “ in lieu of and in bar of dower,” but from consideration of the inconvenience and irregularity which would result, if the widow, after taking, as heir and distributee, a share of the whole estate, real and personal, of her deceased husband, should be permitted, by claim of dower in the lands aliened by the husband, to subject the heirs, herself in the number, to the possible consequences of an action on the husband’s warranty, for redress of the injury done by her claim to the alienee. The Court is of opinion, that the statute plainly meant to create an election to be made by the widow, between her dower at common law, and the provision made for lier by the statute.
2. The statutory bar in question, is at least as strong as any that could be created by a devise expressed to be in lieu and bar of dower ; and the accptance of such devise may be pleaded at law as a defence to the demand of dower. Chancellor Harper, in the case of McDowall vs. Black, 1 Bailey’s Eq. 327, says, “ the rule seems to be, as laid down by Mr. Hargrove in his note to Co. lit. 36 b, note 6, that where a devise is expressly in bar or satisfaction of dower, that is a defence at law ; but that a Court of equity will sometimes, raise a case of election from the special circumstances, when the will is silent.” In the case of Kennedy vs. Mills, 13 Wendell, 553, which only makes more plain what had been before decided in New York, (1 Johns. Rep. 307; 10 John. 30; 7 Cowen, 287,) the widow’s election to receive a testamentary provision, given in lieu of dower, was, at law, held to bar her dower. All the cases refer to what was said by Lord Redesdale, in Burmingham vs. Kirwan, 2 Sch. & Lef. 451, and rest finally upon decisions in 2 Lem. 272, and Cro. Eliz. 128. The Court of law cannot compel the widow’s election, nor would it interfere with the indulgence which Courts of equity extend to her, in making it; but when of two things, between which there is plainly a legal necessity for her to choose, her choice has been made of one, the law will deny her claim of the other.
Mr. ffarttee, for the motion. Mr. --, contra.
3. The provision made by the statute, seems to he like dower ad ostium ecdesice, or a jointure settled after marriage, or a devise expressly in lieu of dower, in this, that they all proposed for the acceptance of the widow, something which, if taken, shall be in bar of dower at common law. When shall the provision be said to be “ accepted'?” It has been contended here, that it is not accepted until it has been fully paid; that no collateral satisfaction will bar before payment. It is true, that it is not the offer, but the render of satisfaction, which bars. Yet, if a yearly provision for the life of the widow, be bequeathed in lieu of dower, shall there be no bar by acceptance whilst she lives 1 If one of two things is to be enjoyed, any unequivocal act done, with full knowledge of facts and legal rights, with a view to election, determines the choice ; and whilst it establishes the title to the one thing, bars the claim of the other. The thing chosen is then accepted. The widow who enters upon the lands of her post-nuptial jointure waives her right of dower ; and in the case before us, we find the widow buying land, selling land, making conveyances, and receiving money — all acts which, under the circumstances, plainly indicate her acceptance of the statutory provision, but are irreconcileable with the claim of dower. Whether the statutory provision had been accepted, under circumstances manifesting election, was a question which the jury have decided, and this Court is satisfied with the decision.
Motion dismissed.
We concur. J. S. Richardson, John Belton O’Neall, Josiah J. Evans, A. P. Butler.