CRONKHITE v. CRONKHITE, appellant.

*Will — construction of — when residuary legatee not liable for annuity given by testator.*

A testator bequeathed an annuity of $63, to be paid by his executor. He gave the residue of his estate, real and personal, after payment of his debts, to the defendant, whom he appointed his executor. Defendant qualified and paid the annuity for three years. *Held* (J. POTTER, J., *contra*), that defendant was not liable, personally, for the annuity, the gift to him by the will not being conditioned upon his paying, and he not being directed personally, or as legatee or devisee, to pay.

The payment of the annuity for three years did not raise a promise to pay the succeeding installments.

Cronkhite v. Cronkhite.

APPEAL from a judgment in favor of plaintiff upon a verdict directed at the circuit. The facts appear in the opinion.

*E. Countryman,* for appellant.

*Bundy & Scramling,* for respondent.

PARKER, J. Whether the defendant is liable, personally, in an action at law, to the plaintiff for the payment of the annuity is the question in this case.

The bequest to the plaintiff, in the will of her husband, was of such articles of furniture on hand, at the time of his decease, as she might select, not exceeding in value $100 ; also an annuity of $63, to be paid by his executor thereinafter named. In a second clause of the will the testator devises and bequeathes all the rest, residue and remainder of his estate, real and personal, after the payment of his debts, and funeral expenses, to his son, James W. Cronkhite (the defendant), to have and to hold the same to his heirs and assigns forever, and in the last clause he appoints his son, James W. Cronkhite, executor of the will.

The defendant proved the will and took possession of the property left by the testator, both real and personal. He went on and paid the debts and funeral expenses, and had a settlement as executor before the surrogate, whereby it appeared and was adjudged that the personal estate of the testator was insufficient to re-imburse defendant for the amount paid by him upon such debts and funeral expenses. He had, prior to this settlement, paid plaintiff three annual payments of the annuity bequeathed to her, as they became due. It also appeared that he had sold and conveyed the real estate devised to him.

Upon the terms of the will, and these facts, the court, at circuit, held the defendant personally liable for the annuity, and directed a verdict against him for the amount of two years annuity unpaid, and the interest thereon.

This holding, I am inclined to think, erroneous. I am, therefore, unable to concur in the opinion of my brother, Joseph Potter, which sustains it.

No personal liability arises from the terms of the will, for the gift therein to defendant is not conditioned upon his payment of the annuity, nor is he personally, or as legatee or devisee, directed to

pay it. True, the provision in the will is, "the said annuity shall be paid by my *executor* hereinafter named," and in the subsequent clause of the will the defendant is appointed executor. This, I think, is not a direction that James W. Cronkhite, the individual, or the residuary devisee and legatee, as such, shall pay it, but rather an indication that the executor, as such, shall pay it out of the personal estate. There is nothing in any of the provisions of the will authorizing the conclusion that the word "executor" here is merely descriptive of the person intended.

The case is very different from *Larkin* v. *Mann*, 53 Barb. 267, where, there being a similar direction, the court say: "It is very evident from the provisions of the will that he intended to charge the defendants personally, and that the word *executors* was merely descriptive." In that case the legacy was expressly charged upon the lands devised to the persons who were also executors. The court say, "the provisions of the will charging the legacy upon the estate is unequivocal. It not only declares the legacy to the defendants to be a lien and charge thereon, but devises the real estate to the defendants, *subject to the payment thereof*," and this, the court held, relieved the personal estate, from the payment of the legacy, and showed that the direction that it should be paid by the *executors*, did not mean by them as such — that is, out of the personal estate — and hence, that the term was there merely descriptive of the persons who were to pay it.

In the case at bar the annuity is not charged upon the estate devised to the defendant, nor is there any thing in such devise indicating that this legacy to the plaintiff is payable in any other than in the ordinary manner. It is a simple devise of all the rest, residue and remainder of testator's estate, after payment of his debts and funeral expenses, subject to no condition, precedent or subsequent. In this case, then, the acceptance of the estate given to defendant could create no personal charge upon him, as it would have done, if the devise to him had been conditioned upon his payment of the annuity, or if he had been directed personally or as devisee, to pay it. The case of *Gridley* v. *Gridley*, 24 N. Y. 130, does not, I think, sustain the ruling in this case, for there the donee of all the testator's estate *was directed* to pay all his debts, *and the annuity* in question. It was held that his acceptance of the gift made him personally liable to pay the annuity. His acceptance of

Cronkhite v. Cronkhite.

the gift was an assumption of the obligation imposed with the gift, and hence he was personally liable.

In this case no such obligation is coupled with the gift, and defendant's acceptance, therefore, is not an assumption of such obligation.

The cases of *McLachlan* v. *McLachlan,* 9 Paige, 534 ; *Van Orden* v. *Van Orden,* 10 Johns. 30 ; *Harris* v. *Ely,* 7 Paige, 421 ; *Spraker* v. *Van Alstyne,* 18 Wend. 200 ; *Larkin* v. *Mann, supra ; Lord* v. *Lord,* 22 Conn. 602 ; *Olmstead* v. *Brush,* 27 id. 530, cited on behalf of plaintiff, all contain the same element of difference from the case at bar, as *Gridley* v. *Gridley,* and do not therefore sustain the decision now under review, and I do not find any case where a mere residuary devise of lands has been held to carry with it a charge, even upon the land, much less a personal obligation on the devisee, for the payment of a legacy, upon the failure of the personal property to satisfy. See *Myers* v. *Eddy,* 47 Barb. 263.

The acceptance of a devise by the residuary devisee surely cannot raise any implication of a promise to pay a legacy given in a previous clause of the will, unless there is something in the will in the nature of a condition to pay imposed upon such acceptance. Nothing of the kind appears in the will under review, either express or implied.

The position that a promise to pay the annuity may be inferred from the payment for the first three years, upon which the action for the amount in question, falling due in the two succeeding years can be sustained is also, I think, untenable.

The presumption is, not that the defendant paid in consequence of any personal obligation as legatee or devisee, but as executor, and therefore that such payments were made out of assets in his hands as executor.

The cases cited to sustain plaintiff's position are cases where the part payment was in consequence of a personal liability to pay. *Van Orden* v. *Van Orden, supra,* as already stated was, where the defendants were, in consideration of the devise, expressly charged with the payment of the annuity to the plaintiff, and it was held that an acceptance and enjoyment of the estate, and an actual payment of part of the annuity by the devisees, was equivalent to an express promise by them to pay the annuity. So in *Gridley* v. *Gridley, supra,* the defendant in consideration of the devise was expressly charged with the payment of the annuity to the plaintiff.

The law upon this point, as stated in the case, is as follows:

"When the devisee is *personally* charged *with the payment* of the debts and *legacies, and* takes the whole fund out of which they are to be paid, and his taking is on condition that he pay all the debts and legacies, if he accepts, his liability is absolute. The law raises *an implied promise* on his part to pay, and no reason exists for ·sending a creditor or legatee into a court of equity to enforce such liability.

In the case at bar I am very clearly of the opinion that there is, in the fact of defendant's payment of the annuity for three years, no ground for raising a promise to pay the succeeding installments.

I am, therefore, of the opinion that the decision of the court at circuit was erroneous, and that the verdict should be set aside and a new trial granted, with costs to abide the event.

BOARDMAN, J. There is nothing in this will showing an intent of the testator to charge defendant personally, and irrespective of assets with the payment of plaintiff's legacy. The words, "the said annuity shall be paid by my executor hereinafter named," impose no duty not imposed by the law in the absence of such words. If this be true, an action at law could not, in any event, be maintained, because the payments made cannot be construed into evidence of an express promise in the absence of any legal or equitable obligation on defendant, personally, to pay plaintiff's legacy. It is only when such an obligation exists that an express promise, or facts from which it may be inferred, will enable a legatee to recover in an action at law. That is all that is decided in *Van Orden* v. *Van Orden*, 10 Johns. 30; *Gridley* v. *Gridley*, 24 N. Y. 130; *Kelsey* v. *Deyo*, 3 Cow. 133, and kindred cases.

The gift to the defendant is not upon any condition that he shall pay this legacy personally. It is only when the court can see that the gift by the will was intended by the testator as a consideration for payments to be made by the donee, that the donee will be personally charged with such payments upon his acceptance of the gifts. It is not necessary to consider whether this legacy to plaintiff was a charge upon the real estate devised to the defendant for two reasons.

1. That the form of this action will not enable the plaintiff to recover upon such theory, at least without serious amendments of court.

2. If the action were proper, the accounting of the defendant for

the assets which came into his hands is a necessary element of investigation, which was entirely disregarded on the trial of this action.

Entertaining these views of the law applicable to this case, I am led to concur in the opinion of brother PARKER that the verdict should be set aside and a new trial granted, costs to abide event.

J. POTTER, J. (dissenting.)   The question in this case is, whether upon the undisputed facts thereof, the defendant is personally liable to pay the plaintiff the annuity.

If he is liable, that liability must arise from an express promise to pay, or upon the acceptance of the estate bequeathed and devised to him upon the condition of the payment of the annuity.

The defendant proposed to prove that the estate had been fully administered, and fell short of paying the debts of the testator, but the proof was excluded by the court.

It is manifest the court held that the defendant was liable upon the facts in this case, without regard to the value of the property.

The will contained no direction how or from what funds the annuity was to be paid, and did not make it a lien or charge upon 'the realty in terms.   It simply provided that the annuity was to be paid by the executor.

All of the testator's estate, except the above-mentioned one hundred dollars in furniture, was given to the defendant.   It will also be observed that the testator devised the real estate in fee to the defendant, and that these legacies to plaintiff were in lieu of her right of dower.

Thus, it is seen that the testator intended to dispose of his whole estate, and that the annuity should be satisfied out of the estate given to the defendant.

Upon authority I am inclined to think the holding of the court, that defendant was personally liable to pay the annuity, was correct.

The facts in *Gridley* v. *Gridley*, 24 N. Y. 130, were substantially like the facts of this case.   The testator, in that case, gave all his personal and real estate to the defendant, and declared that "the said George (defendant) is to pay to Maria Gridley (plaintiff) thirty-five dollars annually during her life."

The court say :   "The acceptance of the gift creates a personal liability upon which an action can be maintained at law without any express promise."

The chancellor in *Spraker* v. *Van Alstyne*, 18 Wend. 200, holds that where there is a mere charge upon the estate devised, but not upon the devisee personally, he takes a life estate only by a general devise of the land without words of limitation to his heirs ; but where the charge is upon the person of the devisee, in respect to the lands devised, he takes a fee by implication.

In the case under consideration the testator gave all the real and personal estate, save some household furniture, to the plaintiff, and did not make the annuity a charge upon the realty, and declared that the executor (who is the devisee) should pay it.

He also charged the devisee with the payment of the debts. This is held in *Gridley* v. *Gridley, supra,* in the absence of explanation, to be a personal charge.

In this case the defendant entered into the possession of all the estate and sold the land. He was not directed, and had no authority, to sell the land under the will. The same was not sold to pay the debts of the testator upon the application of creditors, or the executor, to the surrogate, for leave to sell. It was sold by the defendant as devisee and owner under the will. It was, therefore, a most unequivocal and conclusive act of acceptance under the will. The principle involved, I apprehend, is analogous to a sale of property by one person to another, and the purchase price or consideration is agreed to be paid to a third person.

Such third person may maintain an action in his own name and right to recover the purchase price.

In this case the testator offers the devisee his estate, upon the condition that he will assume and pay the debts and legacies.

The devisee accepts the offer by taking and (in this case) selling all the estate (except one hundred dollars' worth).

By that act he has signified his acceptance of the offer, and thenceforth is bound, as by a contract, to personally pay the debts and legacies, however ill-advised or unprofitable the contract may prove to be.

If he declines to accept the estate upon those conditions, the legatee may be required to go into a court of equity and enforce a due administration of assets and the satisfaction of the legacy therefrom.

That a personal liability of the devisee to pay the debts and legacies results from the acceptance of the devise by him, is held in numerous cases in our own courts. *Larkin* v. *Mann*, 53 Barb. 267 ;

*McLochlen* v. *McLochlen*, 9 Paige, 534; *Van Orden* v. *Van Orden*, 10 Johns. 30 (as well as those of Connecticut); *Lord* v. *Lord*, 22 Conn. 602; 27 id. 530.

This view disposes of the case and sustains the ruling of the court in directing a verdict for the plaintiff upon defendant's acceptance of the estate under the will, and renders it unnecessary to consider the other ground upon which the personal liability of defendant is also maintained.

There are several authorities in this State to the effect, that the payments of the annuity by defendant is conclusive evidence of an express promise to pay. *Kilroy* v. *Deyo*, 3 Cow. 133; *Van Orden* v. *Van Orden, supra; Gridley* v. *Gridley, supra.*

As the evidence stood at the close of the case, the payments were made by defendant under the will.

Plaintiff testified that the defendant paid her the annuity for three years under the will, and there was nothing in the other evidence to countervail or to weaken this proof.

The defendant did not ask to have the question, of how the defendant paid the annuity, whether as executor or devisee, submitted to the jury, together with the evidence of the accounting before the surrogate.

After the exclusion of the evidence of the accounting, there was no evidence in the case to interfere with the operation of the rule as held in *Van Orden* v. *Van Orden*, 10 Johns., *supra*, that payment of a part of the annuity " is a solemn act and admission, as strong as any promise, and supposes a promise expressly made and to have preceded the payment."

I am not sure, but the true view of a payment not as executor, is to signify an acceptance under the will. If so, it is but another species of evidence of acceptance, which as has been considered above, establishes the defendant's absolute personal liability to pay the annuity.

I think a new trial should be denied and judgment ordered for plaintiff, upon the verdict with costs.

*Verdict set aside and new trial granted.*