### BOYNTON *v.* LADDY.

*(Supreme Court, General Term, Third Department.* ˙ July 17, 1890.)

**1. EXECUTORS AND ADMINISTRATORS—LIABILITY.**
    Where a will provides that the expenses of administration shall be charged upon, and paid out of, the estate of the testator, both real and personal, the administratrix, to whom one-half of the estate has been devised for life, and who is the assignee of the other half, is not personally liable for such expenses.

**2. SAME—COSTS.**
    In an action against an administratrix to recover for services performed and moneys expended as expenses of administration, costs may be awarded against her, under Code Civil Proc. N. Y. § 3246, providing that, in an action brought against an executor or administrator in his representative capacity, costs must be awarded as in an action against a person defending in his own right, except as otherwise prescribed in sections 1835 and 1836, which except generally cases where a judgment for a sum of money only is rendered.

Appeal from judgment on report of referee.

Action by Adelbert W. Boynton against Jane Laddy, as administratrix with the will annexed of the estate of Alpheus Wilkins, deceased, to recover for services performed and moneys expended in probating the will. The will provided that all expenses of administration should be charged upon, and paid out of, the said estate, both real and personal. Code Civil Proc. N. Y. § 3246, provides that, in an action brought by or against an executor or administrator in his representative capacity, costs must be awarded as in an action by or against a person prosecuting or defending in his own right, except as otherwise prescribed in sections 1835 and 1836. The latter sections provide that, with certain exceptions, costs shall not be awarded in such an action where a judgment for a sum of money only is rendered against an executor or administrator. Judgment was given for plaintiff, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Edgar T. Brackett,* for appellant.    *Hand, Kellogg & Hale,* for respondent.

LEARNED, P. J. The principal question in this case was decided by this court on a former appeal. 3 N. Y. Supp. 93. Since that decision the case has been tried before a referee. From the judgment on his report the present appeal is taken. The report and judgment make the defendant personally liable for the claim, and the defendant insists that this is erroneous. There

are cases in which property is devised or bequeathed, and the devisee or legatee is required to pay a certain debt or charge. In those cases the devisee or legatee accepting has been held personally liable. *Gridley* v. *Gridley*, 24 N. Y. 130; *Van Orden* v. *Van Orden*, 10 Johns. 30. This is on the ground that such devisee or legatee accepts the devise or bequest with the condition, and that such condition is that the devisee or legatee shall pay the debt. There is no such language in this will. The estate is by the will charged with certain claims, as we previously held, of which this is one, but there is no express direction that the devisees or legatees shall pay. In *Kelsey* v. *Western*, 2 N. Y. 500, at 507, it was said that, if there was no express promise by the devisee, an action at law would not lie to recover the legacy against the devisee. Without going over the whole subject of charges on estates, we may say that in this case there is nothing in the will to make the defendant personally liable. The claim in suit was, with other claims, including debts, charged on the real and personal estate. There was no definite sum named, subject to which the devisee or legatee was to take. A further charge for the support of minor children was made. One-half of the estate was given to a son, and the other half, for life or widowhood, to defendant. Defendant has become owner of the part given to the son, subject to the support of the minor children. This is not, then, a case where, on accepting a devise, a devisee agrees to pay a certain definite charge on the land, and hence becomes personally liable. We do not see, therefore, how a judgment against defendant personally could properly be rendered.

Costs seem to be properly awarded, as the judgment is not for a sum of money only. Sections 1835, 3246. Whether section 1823 applies, inasmuch as the defendant is devisee or assignee of the devisee, we need not inquire. If she were only administratrix, there might be some difficulty. But the title to one-half in fee, and to the other half for life, seems to be in her, subject to the charge for support of children, and to the charge in litigation. We think that the judgment should be modified so far as it makes a personal liability against defendant, and as so modified affirmed, without costs.