GRIDLEY, Committee, &c., v. GRIDLEY.

A will gave all the testator's real and personal estate, and declared that the donee was to pay all the testator's debts and a certain annuity. The acceptance of the gift creates a personal liability upon which an action can be maintained at law without any express promise.

APPEAL from the Supreme Court. Action brought by the plaintiff as committee of Maria Gridley, a lunatic, to recover certain sums alleged to be due to her. The complaint set forth four distinct and separate causes of action against the defendant. First. That the father of the defendant at his decease, was indebted to Maria Gridley, the lunatic, and that by his will he gave all his real and personal estate to the defendant, and declared therein that "the said George is to pay

Gridley *v.* Gridley.

all the debts that I [the testator] may owe at my decease," &c.
" And, also, $35 annually during her life," &c. The complaint
further alleged that the defendant " accepted the said several
devises and bequests by said will made to him, and then and
there took possession of all of the personal estate of the testa-
tor whereby he became liable to pay the said indebtedness, and
said annuity.

Second. That the defendant was indebted to Maria Gridley
for moneys of her received by the defendant.

Thirdly. That said Maria was the owner of certain property
which the defendant consented and became liable to pay for,
and which he promised to pay for, &c.

Fourth. That the said defendant was indebted to one Sarah
Gridley for certain rent, which demand said Sarah Gridley
had assigned to said Maria.

The defendant demurred, and assigned for cause that it
appeared upon the face of the complaint that several causes
of action had been improperly joined.

Judgment was rendered in favor of the defendant at special
term and affirmed at general term in the seventh district. The
plaintiff appealed to this court.

*Theron R. Strong,* for the appellant.

*J. D. Husband,* for the respondent.

DAVIES, J. By section 167 of the Code, the plaintiff may
unite in the same complaint several causes of action, whether
they be such as have heretofore been denominated legal or
equitable, or both, when they all arise out of:

1. The same transaction or transactions connected with the
same subject of action.

2. Upon contract, express or implied.

No objection is made to the joinder in the same complaint of
the second, third and fourth causes of action, and the propriety
of uniting with them the first cause of action depends upon
the question whether the defendant was personally liable to pay

the testator's debt to Maria, and the annuity to her, or whether he could only be charged by a suit in equity therefor. If in the former case, then the law raises an implied promise to pay, and such a cause of action may be united with one founded on an express promise. The only question, therefore, is, whether the defendant, by the mere act of accepting the devise and receiving the personal estate as the devisee and legatee, was charged personally with the debts, so that the remedy against him is on his contract, express or implied. Less emphatic language was held in *Spraker* v. *Van Alstyne* (18 Wend., 200), to charge the devisee personally with the payment of the testator's debts. By his will in that case, the testator devised a certain lot to his son Martin, and a certain other lot to his son Cornelius, and directed that all his just debts should be paid by his two sons, Martin and Cornelius. In this case the Chancellor, in discussing the question, whether they took a fee in the lands devised, says the rule is that where there is a mere charge upon the estate devised, but not upon the devisee personally, he takes a life estate only, by a general devise of the land without words of limitation to his heirs (as is the devise in the present case), but where the charge is upon the person of the devisee, in respect to the lands devised, he takes a fee by implication. In this case the charge is upon the person in respect to the lands devised, and the meaning of that is, the devisee is directed to pay the debts or legacies personally; so that if the devisee accept the devise, he impliedly assumes to pay the charge. DICKINSON, Senator, says: The testator charged Martin and Cornelius with the payment of all his just debts. The testator gave them the land and charged them with the payment of his debts. This, in the absence of explanation, must be held to be a personal charge. Having accepted the devise, they were charged with the payment of the debts, and had they not paid them voluntarily, they might have been coerced by prosecution." This case was decided upon the theory that the debts were a personal charge upon the devisees, and could have been collected from them, upon their acceptance of the devise, and I am unable to see why it is

not an authority for holding that, in the present case, a like liability was assumed by the defendant. It is to be observed that the Chancellor says, at page 209, "if they [the devisees] had refused to pay such debts, a Court of Chancery would have compelled them to do so after they had accepted of the devises to them respectively, and if necessary would have ordered the estate in their hands to be sold for that purpose. Whether they could have been sued for those debts in a court of law without an express promise to pay, it is not necessary to decide here." In *McLachlan* v. *McLachlan* (9 Paige, 534), the devise was of real and personal estate charged with the payment of legacies. The Chancellor held that the legacies were a personal charge upon the devisee in respect to the estate devised. Having accepted of the estate devised—by the receipt of the rent reserved to him, as it became due and payable—he was bound to pay off the legacies charged upon him personally, although they were more than the amount of the rent. In this case the liability was enforced against the property of the devisee, without reference to that received from the testator. It would thus seem to be well settled by authority in this State that the defendant was personally liable to pay the debt due to Maria Gridley and the legacy mentioned.

The next question to be considered is, could such liability be enforced in a court of law, without an express promise to pay the debt and legacy on his part.

*Livingston* v. *Livingston* (3 Johns. R., 51), was decided on the ground that the payment of the legacy was not a personal duty upon the devisee, and that of course no duty descended to his personal representatives. This was a case of a devise of land only; and in holding that no personal duty to pay off the legacy devolved on the devisee, it has been overruled by the case of *Spraker* v. *Van Alstyne* (*supra*). *Becker* v. *Becker* (7 John., 99), was an action at law, sustained against a devisee of land solely on the ground that a payment of a part of the legacy was any express promise to pay the residue. In the opinion, KENT, Ch. J., discusses the English cases, and comes to the conclusion that there never was any settled course of decision

against this action, and he holds it can be maintained at law where there is an express promise. He certainly expresses a strong doubt whether the action could be maintained without an express promise, but as the decision of that question was not necessary to the disposition of the case, his views on this point cannot be regarded as authority, and the court expressly declines to give any opinion on that point. *Van Orden* v. *Van Orden* (10 Johns., 30), is a case approaching near the present. There the defendants were the original devisees of real estate only, and, in consideration of the devise, they were expressly charged with the payment of the annuity to the plaintiff. It was an action of assumpsit for the legacy. The defendants took possession of the land devised, and they paid to the plaintiff the first and part of the second annuity. The court considered the acceptance and enjoyment of the estate devised, and the actual payment of part of the annuity, conclusive evidence of an express promise to pay, so as to entitle the plaintiff to recover in that action. It is said (it being well settled that an express promise by the devisee will support the action at law), the court were led to consider whether the payment of the annuity in part was not equivalent to an express promise. The court say: "It is a solemn act and admission, as strong as any promise, and supposes a promise expressly made and to have preceded the payment."

*Sole* v. *Hardy* (6 Cow., 333), was decided on the ground that the personal estate was first to be applied to the payment of the debts, and that the devisee of the land was not liable unless the legacy claimed is charged on the estate devised, or on the defendant in respect to the estate.

It will thus, I think, be seen that there is no express authority in this State adverse to the proposition, that where a testator devises all his real and personal estate, and charges the devisee with the payment of his debts and legacies, the devisee, if he accepts the devise and bequest can be sued at law for the recovery of a debt due from the testator, or a legacy given by him, without an express promise on his part to pay. If we consider the nature of the action of assumpsit, we see

that it is an equitable action, and may be maintained equally on an express or on an implied promise. I understand the law in all cases to imply a promise to pay where it is the duty of one to pay. If I take a newspaper at my house and read it, the law implies a promise to pay for it, because it is my duty so to do. The authorities in this State hold and have settled the law, that if a devisee of land, charged with the payment of legacies, accept the devise, he has the personal duty imposed on him to pay without reference to the fact whether the property devised and accepted is sufficient for that purpose. The liability is created by the acceptance charged with the duty, and no reason is perceived why the duty being clear and personal, the law will not raise an implied promise to discharge it. If this be the rule in a case where the devise is of land merely, how much stronger is it in a case where the whole estate of the testator is given, both real and personal, and the devisee is personally charged with the payment of debts and legacies. If he elects not to assume the liability, which the testator has imposed, he is bound to refuse acceptance. If he accept he takes *cum onere*, and he cannot take the ground that he is only liable to the amount of assets, or that the estate is to be duly administered, and debts and legacies are to be paid *pro rata*. The only reason for sending the party, to whom a debt or legacy is due, into a court of equity, is to obtain a due administration of the estate, and payment of the debts equally, and the legacies in the same proportion. But when the devisee is personally charged with the payment of the debts and legacies, and takes the whole fund out of which they are to be paid, and his taking is on condition that he pay all the debts and legacies, if he accepts, his liability is absolute. The law raises an implied promise on his part to pay, and no reason exists for sending a creditor or legatee into a court of equity to enforce such liability. If any such reason might have been supposed to exist before the adoption of the Code of Procedure, it is believed that we should not any longer adhere to distinctions which are antiquated, and which substantial justice does not require to be retained. The object of the Code, and

the intent of the legislature in passing it, were to simplify and expedite the administration of justice, and when a party has demands of a legal and equitable nature against the same person, they may be enforced in one action, if consistent with the rules prescribed. · This provision is remedial and beneficial, and should receive a liberal construction. (*Emery* v. *Pease*, 20 N. Y., 64; *Cole* v. *Reynolds*, 18 id., 76; *Phillips* v. *Gorham*, 17 id., 270.)

The precise point, now under consideration, has been considered and passed upon by the Supreme Court of Connecticut, and I yield my assent to the arguments and authorities there relied upon. *Lord* v. *Lord* (22 Conn., 602), was an action to recover a legacy. The words of the will were: " I will, order and direct that my nephew, William M. Lord, pay Sarah L. Marshall," &c.; and the court held it created a personal charge on him to pay the legacy, and although he was named executor of the will (as the present defendant is), that he should not charge the payment of it against the estate in his hands, as executor. The court also held it to be a private personal duty, founded on his election to accept and enjoy under the will a large and ample bequest of personal and real estate. *Olmstead* v. *Burch* (27 Conn., 530), is conceded to be a case in point, and if sustained here, disposes of this case. There the testator gave to his son, Joseph, the whole of his real estate, and directed that he should pay the legacies named in the will. He also appointed him sole executor. The court held that he was not to pay the legacies as executor, but as devisee; the payment of the legacy constituting a condition of the devise, the acceptance of which implied an assent to the condition, and a promise to pay the legacy, and for a breach of which promise, Joseph was liable in assumpsit. ELLSWORTH, J., in an able and well-considered opinion, shows satisfactorily that the defendant is liable in an action of assumpsit on his implied promise. He says: " We find in the books a class of conveyances, leases, &c., by deeds poll, in which some clause is inserted by the grantor imposing a duty of some kind on the grantee, which, if accepted, is held to create an implied obligation that the grantee is to com-

ply with the condition.    Not that the grantee covenants to do it, for the words are the words of the grantor; but if the grantee accepts the deed, he assents to the condition in it, and becomes liable on an implied assumpsit to keep and perform it."    He cites Platt on Covenants, pp. 10, 18; *Trustees of Hocking & Company* v. *Spencer*, 7 Ohio, 493; *Goodwin* v. *Gilbert*, 9 Mass., 510; *Burnett* v. *Lynch*, 5 Barn. & Cress., 589; *Parish* v. *Whitney*, 3 Gray, 516.   *Goodwin* v. *Gilbert*, was an action of assumpsit, where land was conveyed by a deed poll, and the grantee enters under the deed, certain duties being reserved to be performed by the grantee.    The court held, that as no action lies against the grantee on the deed, the grantor may maintain assumpsit for the non-performance of the duties reserved, and the promise being raised by the law, is not within the statute of frauds.

*Burnett* v. *Lynch* was an action against Lynch, as assignee of a lease for the damages which the plaintiffs had sustained by reason of his breach of the covenants of the lease.    The lease was assigned to him and, by the terms of that assignment, he was to hold subject not only to the payment of rent, but to the performance of the covenants.    Chief Justice ABBOTT says: "It is true that Lynch entered into no express covenant or contract, that he would pay the rent and perform the covenants. But he accepted the assignment subject to the performance of the covenants."   He says: "Will an action of assumpsit lie? I think it would, and for the reason that the defendant has by taking the estate subject to the payment of rent, and the performance of the covenants in the original lease, thereby made it his duty to pay the rent and perform the covenants. If by his neglecting that duty a burden is cast upon the person from whom he took the estate, it seems to me that the law will imply a promise as arising out of that duty, and in that case assumpsit will lie.   In *Parish* v. *Whitney*, the court say: "The question is, whether the clause in the deed of Putnam to Tinker creates an incumbrance upon the land. It is quite clear it is not a reservation out of the estate granted.   It is not a condition upon which the estate is to be

held, and for a breach of which an entry might be made by the grantor. It is not declared to be a condition, nor is any right of entry reserved. It is not a covenant running with the land, nor is any right of entry reserved. It is but a personal agreement of the grantee, made a part of the consideration of the grant, and evidenced by his acceptance of the deed, which may bind him and his legal representatives, but does not affect the estate."

In *Hinsdale* v. *Humphrey* (15 Conn., 434), the court hold that an action of covenant will not lie against a lessee or his assignee for rent under a lease sealed by the lessor only: that the acceptance of such a lease binds the lessee or his assignee to pay the rent reserved, and an action of assumpsit will lie for such rent.

I arrive at the conclusion, therefore, upon principle and authority, that upon the facts set forth in the complaint in this action, and which are admitted by the demurrer, the plaintiff could have maintained the old action of assumpsit and recovered the debt due to the lunatic, and the legacy given to her by the will: that the action could have been maintained on the implied promise of the defendant, by his acceptance of the devise and bequest, the condition of which acceptance was that he should personally pay the debts and the legacy. It follows that the cause of action first mentioned in the complaint was not improperly joined with the other three causes of action, and that the plaintiff should have had judgment on the demurrer. The judgment appealed from should be reversed.

All the judges concurring;

> Judgment reversed, and judgment for plaintiff, on demurrer, without prejudice to defendant's right to apply to amend.