Brinkerhoff, J.
The case made by the record brought under review before us, is, in brief, this :
Alexander Fuller, plaintiff in erz’or and defendant izz the original action, is executor of his father’s will. By the terms of that will he is made the residuaz’y devisee and legatee of his father’s estate, ■and out of such residuary devise and legacy he is directed to pay .all the testator’s just debts. He took possession of, and retains as his own, all the property covered and passing by that legacy, and which is sufficient to pay all the debts of the estate. At the time of the testator’s death, he.was indebted to the plaintiff below on a promissory note, of which the plaintiff below is still the owner and holder, and the amount of which the defendant below refuses to pay. The claim for the amount due on the note was not presented to the executor for allowance and payment within four years after he was duly appointed and qualified as such executor, nor did the defendant below have notice of the existence of such claim until the expiration of six years after he was duly qualified as executor of his father’s will.
The original action is brought against the defendant below, not in his capacity and character of executor of his father’s will; not for the enforcement of the execution of a trust attaching to property bequeathed to him in trust for the payment of the amouut due on the note remaining in the hands of the plaintiff below; but against the defendant below in his individual ^capacity, ■on his promise implied by, and his obligations resulting from, his acceptance of the residuary bequest charged with the payment of all the debts of the estate.
That the plaintiff below might have maintained an action, if prosecuted in due time, against the defendant below as executor of the will, on the note, is .very clear; and that he could have gone into equity and charged the residuary bequests as being held by the defendant below in trust for the payment of the note, is equally clear. Willard’s Eq. 487-489. And it seems to us to be *272 'In entire consonance with just principles, and now well settled by authority, that he might well do as he has done — bring his action against the legatee in his individual capacity, on his personal obligation and promise, implied by law from his acceptance of the-bequest charged by the will with the payment of the debts. Gridley v. Gridley, 24 N. Y. 130. And this being the nature of the-action, the statute limiting the commencement of actions against, executors and administrators to four years, has nothing to do with the case, and no other statute of limitation is pleaded. At what, time the action in favor of the plaintiff below did in fact accrue, we are not informed. That would depend on the time when the legacy was accepted.
The fact that the defendant below is executor of the will, as well as residuary devisee and legatee under it, has no bearing on this case. His obligations would be the same whether he were or were mot such executor.
As the case stands, the question whether, if the property passing-by the will to the defendant below were insufficient to pay, in full, the debts of the testator, he would still be personally liable'for the full amount of the debts, is not before us, and, of course, not, decided.

Judgment affirmed.

Pat, C. J., and White, Welch, and Scott, JJ., concurred.