JOHN KELLY, late Sheriff, etc., Respondent, *v.* FRANCIS M. BABCOCK et al., Appellants.

An agreement in a bill of sale or instrument of transfer of personal property, that a portion of the purchase-money of the goods sold may be paid to and among the creditors of the vendor, without a covenant or agreement upon the part of the vendees thus to pay, creates no trust; the balance unpaid is a debt due the vendor, and can be reached by and held under an attachment against his property.

(Argued April 24, 1872; decided April 30, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment entered upon the report of a referee in favor of plaintiff.

This action was brought to recover moneys attached, in the hands of defendant.

The New York Condensed Milk Company commenced suit and caused an attachment to be issued against Sherman W. Scott et al., composing the firm of Malarcher & Co., which was delivered to plaintiff for execution. Defendants had purchased the stock of Malarcher & Co. for $40,000; $23,471.70 was applied to pay an indebtedness of that firm to them, and in the instruments of transfer it was declared and agreed that the balance of the purchase-money might be paid to and among the creditors of said firm, and the surplus, if any, to the firm. The attachment was duly served upon defendants, and judgment was obtained in that action. The complaint here alleged that, " at the time of such service, said defendants were indebted to and had property in their possession in a large amount belonging to said Malarcher & Co."

This was not denied in the answer. Upon trial defendants moved to dismiss complaint upon the ground that plaintiff had failed to show any property of Malarcher & Co. in their hands, which motion was denied. The referee directed judgment for the amount of the judgment in the attachment suits.

*Henry Nicoll* for the appellants. By the written transfer the right of property passed, and the defendants became trustees for the creditors. (*Brooks* v. *Marbury*, 11 Wheat., 28; *Brown* v. *Winthrop*, 1 John. Ch'y, 329; *Cunningham* v. *Freeborn*, 1 Edw. Ch'y, 256 ; same case on error, 11 Wend., 249; *Nicoll* v. *Mumford*, 4 John. Ch'y, 522; *Porter* v. *Williams*, 9 N. Y., 5 Seld., 142; *Metcalfe* v. *Van Brunt*, 37 Barb., 622.) A promise upon valid consideration to one, for the benefit of another, may be enforced by the latter. (*Lawrence* v. *Fox*, 20 N. Y., 268.)

*William W. Niles* for the respondent. Affirmative allegations in answer, although inconsistent with allegations in complaint, must be proved. (*West* v. *Am. Ex. Bank*, 44

Barb., 176; *Wood* v. *Whiting*, 21 Barb., 190.) The agreement was revocable until something had been done to create a privity between defendant and the creditors. (*Barker* v. *Bucklin*, 2 Denio, 45; see foot of page 50; *Blunt* v. *Boyd*, 3 Barb. S. C. R., 209.)

PECKHAM, J. When the plaintiff rested his case before the referee, the defendant moved to dismiss the complaint "on the ground that the plaintiff had failed to show any property of defendants in the attachment suit in the hands of the defendants in this action." Motion denied and exception.

Property was alleged in the complaint to be in their hands and it is nowhere denied in the answer.

It is averred in the complaint that, "at the time of such service" (service of the attachment), "said defendants were indebted to or had property in their possession belonging to said Malarcher & Co., in a large amount."

This is nowhere denied in the answer and is therefore taken as true. The objection, it will be observed, does not go to the amount, but it is that not "any property" was shown in defendants. This shows that the exception was not well taken.

The exception to the findings of fact cannot be sustained, as it is not well founded. It is to the findings, "that the defendants have not produced any proof before him of the allegations of their answer, that the amount due such creditors exceeded the surplus in their hands, nor of the amount due to such creditors."

It is certainly true that they did not produce such proof. That answers the exception. Whether they were legally required to do so or not is quite another question, which this exception does not raise. The defendants did not request the referee to make any findings of fact.

The only remaining exception is to the referee's conclusion of law, that the plaintiff is entitled to recover $1,150.60, and interest, from the defendants.

Assuming that the finding of fact of the referee is right, as it is not in any manner excepted to, viz.: " That the defendants in the attachment sold to these defendants goods for $40,000, $23,417.70 whereof was paid by application to a debt due the purchasers, leaving a balance due from them of $16,528.30, and that it was in such instrument of transfer declared and agreed that the balance of such purchase money might be paid to and among the creditors of the said firm, and the surplus, if any, to such firm," there is then no ground for a claim that this balance of $16,524.30 did not belong to the defendants in that suit.

That sets forth no covenant or agreement on the part of the defendants that they would pay such balance to the creditors. The transfer as set forth simply authorizes them so to do. It " might be paid," is the language. But it was a debt due to the attached debtors. It might be discharged by a payment thereof to their creditors, nothing more. No trust is created or liability assumed by the defendants thus to pay. The money therefore still belongs to the vendors. (*Kelly* v. *Roberts*, 40 N. Y., 438.) If there be uncertainty or doubt as to this finding, it will not enure to the defendants' benefit to reverse a judgment. The judgment should be affirmed with costs.

All concur except Allen, J., not voting.

Judgment affirmed.