## SUPREME COURT.

SAMUEL H. HURD, receiver, &c., and another, agt. THE FARMERS' LOAN AND TRUST COMPANY.

*Fund for payment of interest upon city bonds — When regarded as a trust fund so that it could not be attached at the suit of a general creditor.*

The plaintiff, a general creditor of the city of Elizabeth, New Jersey, sought to attach certain moneys belonging to the city which the comptroller had deposited with defendant to meet the interest due upon the bonds of the city on the following day, which deposit the defendant had accepted for that specific purpose:

*Held,* that the transaction amounted to a special deposit for the benefit of the bondholders; that the defendant accepted it upon that trust, and that therefore the fund could not be attached at the suit of a general creditor.

*Special Term, February,* 1882.

*Geo. Putnam Smith* and *A. J. Vanderpoel,* for plaintiff.

*Herbert Turner,* for defendant.

LAWRENCE, *J.* — In the case of *Martin* agt. *Funk* (75 *N. Y.*, 134) the court of appeals held that where a trust is declared, whether in a third person or in the donor, it is not essential that the property should be possessed by the *cestui que trust*, or that the latter should be informed of the trust. It does not seem necessary, therefore, in this case to establish that the bondholders of the city of Elizabeth should have been aware of, and have assented to, the appropriation of the fund which is the subject of this controversy, to the payment of the interest on the bonds held by them ( *Watts* agt. *Shipman*, 21 *Hun*, 606). And this court held *In the Matter of Le Blanc* (14 *Hun*, 8), where the Erie Railway Company had declared a dividend, and had deposited the money to pay the same with a banking firm in the city of New York, which money, before actual payment to the stockholders entitled to the dividends, was withdrawn by the company and subsequently passed with other property to a receiver of the road, that the fund so deposited should be regarded as specifically appropriated for the payment of the dividend, and that the stockholders acquired in equity a lien upon such fund to the extent of the amount to which they were respectively entitled, and that such lien followed the fund in the hands of the receiver. The decision in *Le Blanc's case* was affirmed by the court of appeals (*See* 75 *N. Y.*, 598). It was also quoted with approbation in the case of *The People* agt. *The Merchants and Mechanics' Bank* (78 *N. Y.*, 273). Again, in the case of the *Rogers Locomotive Works* agt. *Kelly* (19 *Hun*, 399), where the treasurer of a railroad company deposited $25,000 with the defendants, who signed a receipt stating that they had received the money in trust, to apply the same for the payment of an equal amount of the coupons of the first mortgaged and consolidated bonds of the railroad company, the said money not to be subject to the control of the said company otherwise than for the payment of said coupons as above described, it was held that such deposit created a trust for the benefit of the holders of the coupons of said bonds, and that the fund

was not liable to be attached in an action brought by a creditor of the company depositing it to enforce a debt due from it to him.

I am well aware that it may be said, in reference to the case last cited, that the receipt which was given by the depositories, expressly declared that the money was received in trust, and that the same should not be subject to the control of the company otherwise than for the payment of said coupons. But it must be remembered, in the language of chief judge CHURCH, in *Martin* agt. *Funk* (*supra*), that "no particular form of words is necessary to constitute a trust, while the acts or words relied upon must be unequivocal, implying that the person holds the property as trustee for another." If, therefore, from the letter of the comptroller of the city of Elizabeth, and the acts of the defendant predicated upon that letter, a trust can fairly be implied on the part of the defendant to hold the fund on deposit for the specific purpose of paying the interest on the bonds, the trust is just as binding as if it had been specifically set forth in writing. After examining the evidence in this case, and the stipulation entered into by the parties, I am of the opinion that the fund sought to be held under the attachment was not subject to attachment at the suit of a general creditor of the city of Elizabeth, for the reason that it had been specifically appropriated by the comptroller representing the commissioner of the sinking fund and the defendant, to the payment of the interest on the bonds of the city; and that after the transfer mentioned by Mr. Ralston, it was not within the power of the commissioners of the sinking fund to recall the fund, and to divest it of the trust with which it had been impressed (*Matter of Le Blanc*, 14 *Hun*, 9, *and cases cited*).

By the charter of the city of Elizabeth it is made the duty of the commissioners of the sinking fund to pay the interest on the bonds of the city, as the same become due and payable, out of any moneys in their custody belonging to the sinking fund of said city (*Charter, p.* 145). The charter also

provides that all moneys received thereafter from the following sources, to wit, the net amount received for market and other rents, dues and fees, the amount received for licenses of every kind and description, together with all moneys authorized to be raised for the payment of the general debt, and loans of the city, are pledged and appropriated to and shall constitute and form a fund to be called " the sinking fund of the city of Elizabeth."

Now, I understand it to be admitted by the stipulation that the money which was in the hands of the defendant when the comptroller's letter was received, and also the money represented by the check accompanying that letter had been raised for the payment of the debts of the city of Elizabeth ; that the transfer on the books of the defendant was made before the plaintiff's attachment was served, and that the bonds and coupons mentioned in the letter of Mr. Leggett, dated September 28, 1878, were by their terms made payable, principal and interest, at the office of the defendant at the city of New York. When the attachment was served, therefore, the transfer as between the city and the commissioners of the sinking fund, represented by the comptroller and the defendant was complete. The comptroller had really directed a deposit with the defendant of moneys which were by law applicable to the purpose, to meet the interest due upon the bonds of the city on the following day, and the defendant had accepted that deposit for that specific purpose by transferring the amount already in its hands to the account of the sinking fund, and by adding to that amount the check for $11,045.68 which was inclosed in the comptroller's letter. On the authorities above cited I feel warranted in holding that this transaction amounted to a special deposit for the benefit of the bondholders, and that the defendant accepted it for that purpose and upon that trust. If the cases in Pennsylvania and in other states hold a different doctrine from that enunciated in the case of La Blanc and the other cases above cited, I must, of course, disregard them (*See, also, Carroll* agt.

*Cone*, 40 *Barb.*, 220; *Watts* agt. *Shipman*, 21 *Hun*, 606, *per* INGALLS, *J.*)

The case of *Kelly* agt. *Roberts* (40 *N. Y.*, 432) does not seem to me to be in conflict with these views. There judge JAMES, in delivering the opinion of the court, expressly says, that "had the debtors and the defendant Roberts made it a condition of the sale of the goods of the former to the latter that the defendant should pay a designated part of the consideration of the sale to Arnold, Constable & Co., and a part to Cannings, Simpson & Armstrong, the cases of *Berley* agt. *Taylor* (5 *Hill*, 577); *Williams* agt. *Fitch* (18 *N. Y.*, 546); *Lawrence* agt. *Fox* (20 *N. Y.*, 268); *Gridley* agt. *Gridley* (24 *N. Y.*, 130) and *Lowery* agt. *Steward* (25 *N. Y.*, 239) would seem to warrant the proposition that a trust was created for the benefit of the two firms, which they might affirm and enforce, and that a suit in equity would lie in their favor." And he goes on to say that there was no trust or condition annexed to the sale. In this case Leggett, in his letter, directs the defendant's president to apply the check for $11,045.68 contained in the letter, "with amount to our credit ($49,375) to payment of October first, as per statement." Then follows a statement of the bonds referred to. Upon receipt of this letter, and before the plaintiff's attachment is served, the defendant has complied with the direction by transferring the $49,375 to the credit of the commissioners of the sinking fund, and by directly depositing the check for $11,045.68 to their credit. This transaction seems to fall within the principle of the cases referred to by judge JAMES, and also within that of LE BLANC. Here there was a condition annexed to the transaction, which condition was immediately complied with by the defendant. In the case of *Kelly* agt. *Babcock* (49 *N. Y.*, 318) it was left optional with the vendee whether a portion of the purchase-money should be paid to the creditors of the vendor, and the court held that as there was no express stipulation or covenant on the part of the vendees to pay those creditors no trust resulted in favor of the latter, and that the

unpaid balance of the purchase-money was a debt due to the vendor and could be reached by attachment against his property. That case, therefore, does not affect the case at bar.

For the reasons above stated I am of the opinion that the defendant is entitled to judgment.

The findings may be settled on three days' notice.