DETERMINED IN THE

# FOURTH DEPARTMENT

IN THE

## APPELLATE DIVISION,

### May, 1898.

IDA E. DAMUTH, Appellant, *v.* JENNIE M. LEE and JESSAMINE LEE, Respondents.

*Will — provision requiring devisees to pay a legacy, and in the event of their default, giving the legatee a portion of the property devised — election.*

A testator devised to two of his daughters a farm of about 254 acres, directing that they pay to a third daughter, as stated in the will, "Ida E. Damuth three thousand dollars, to be paid in five hundred dollar yearly payments, the first payment to be made one year from the time of my death; and in default of such payments, or any of them, I give and devise to said Ida E. Damuth sixty acres of said homestead farm * * * to have and to hold the same during her natural life."

*Held,* that the two devisees first mentioned might elect to refuse to accept possession of the sixty acres, in which event Ida E. Damuth, the legatee, might take possession of the sixty acres, but could not maintain an action to recover the $3,000 or any installment thereof;

That this construction of the will was supported by the fact that neither of the two devisees had any considerable property wherewith to pay the $3,000.

WARD, J., dissented.

APPEAL by the plaintiff, Ida E. Damuth, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Lewis on the 14th day of June, 1897, upon the decision of the court, rendered after a trial before the court, without a jury, dismissing the plaintiff's complaint upon the merits.

*Thomas F. Kearns,* for the appellant.

*Charles S. Mereness,* for the respondents.

HARDIN, P. J.:

Lafayette Lee was a farmer, residing in the town of Martinsburgh many years prior to his death, which occurred on the 14th of February, 1896.   He left a last will and testament bearing date the 8th day of August, 1894, which was admitted to probate in the Surrogate's Court of Lewis county on the 17th of March, 1896.   He left him surviving his widow, Flora Lee, and his daughter, Mrs. Helen Foote, aged forty-nine years; his daughter, the plaintiff, aged thirty-six years, and his daughters Jessamine, aged twenty-nine years, and Jennie, aged twenty-six years.   The testator, by the terms of his will, gave substantially all his personal property, amounting to about three thousand dollars, to his widow.   He gave a legacy to Fay Foote of fifty dollars and a legacy to Julia F. Foote of fifty dollars. He devised a parcel of land consisting of about sixty acres, near Glendale, to his daughter Mrs. Foote ; he devised a parcel of land consisting of about twenty-nine acres on Tug Hill to his three daughters, the plaintiff and the two defendants, to be divided equally between them, share and share alike.   Having thus disposed of substantially all his estate, except the farm of two hundred and fifty-four acres, he inserted in the will the 6th clause thereof, which is in the following language :

" *Sixth.* I give and devise to my two daughters Jennie M. Lee and Jessamine Lee my homestead farm on which I now live, situated in the town of Martinsburgh, Lewis county, N. Y., consisting of about two hundred fifty-four acres of land, to be equally divided between them, share and share alike ; and I direct that said Jennie M. Lee and Jessamine Lee shall pay to Ida E. Damuth three thousand dollars, to be paid in five hundred dollar yearly payments, the first payment to be made one year from the time of my death ; and in default of such payments, or any of them, I give and devise to said Ida E. Damuth sixty acres of said homestead farm, on the north side of said farm and next to Martin Sheldon's farm, and be wide enough to contain sixty acres of land, to run the whole length of said farm, to have and to hold the same during her natural life ; and after her death I give, devise and bequeath to the children all the real or personal property that said Ida Damuth receives from my estate, to be equally divided between them, share and share alike."

Plaintiff has been married about sixteen years, and herself and

four children reside on a farm owned by her husband, adjacent to the sixty-acre parcel mentioned in the 6th clause in the will. Plaintiff brings this action seeking to recover $500 as for the first installment of the money legacy mentioned in the 6th clause in the will. The evidence indicates that the widow and the two defendants continued to reside on the homestead farm, and occupied for the year next succeeding the death of the testator the 194 acres of the 254 mentioned in the 6th clause of the will. The evidence also indicates that the defendants declined to and omitted to take possession of the 60-acre parcel cut off from the northerly portion of the 254 acres and referred to in the language in the 6th clause of the will. Just before the expiration of the year from the time of the testator's death the defendants gave notice to the plaintiff that they declined to take possession of the sixty acres and would not pay the money legacy mentioned in the 6th clause of the will. Shortly thereafter the plaintiff brought this action, seeking to recover the first installment of $500. Defendants insist that the $3,000 was given to be paid by them in the event they elected to retain possession of the sixty acres, and they insist that upon their default in making the payment of the $3,000 or any part thereof they were authorized to elect to omit to take possession and retain the sixty acres, and that upon such election and determination they were relieved from the payment of the $3,000 and the plaintiff was entitled to receive and enjoy during her life the sixty acres of land, and that, by the terms of the will, whatever remained, either real or personal, which the plaintiff should receive from her father's estate, would at her death pass to her children.

To support his contention in behalf of the plaintiff the learned counsel for the appellant calls attention to *Goodwin* v. *Coddington* 154 N. Y. 286), where it is said, viz.: "Whenever the will begins with an absolute gift, in order to cut it down the latter part of the will must show as clear an intention in that direction as the prior part does to make it," and it is contended that the gift of the $3,000 was absolute and that the plaintiff is entitled to receive that sum from the defendants, and that it is a charge upon the 254 acres mentioned in the language of the 6th clause.

We think the language relating to the $3,000, when construed in connection with the other language found in the 6th clause of the will,

was not intended to carry absolutely the sum of $3,000 to the plaintiff. In other words, we think that the $3,000 was given conditionally, and that when the testator used the words "and in default of such payments or any of them, I give and devise to said Ida E. Damuth sixty acres * * * to have and to hold the same during her natural life," that he intended to allow the defendants to make a default in the payment of the said sum of $3,000, and that in case such default was made that the alternative of the sixty acres passing to the plaintiff was provided for. This construction is aided to some extent by the extraneous circumstances relating to the estate of the testator and the circumstances as to the financial condition of the defendants. The evidence indicates that neither of them had any considerable property wherewith to pay the $3,000, and we are of the opinion that full force and effect is given to the intention of the testator when such a construction is placed upon the language used by him as confides to the defendants the option to retain the sixty acres, and if retained, to pay the $3,000, or to omit to retain it and thereby escape the payment of the $3,000 mentioned in the testator's will. At the time the will was drawn doubtless the testator was of the opinion that the land was worth $50 an acre and that the sixty acres was the equivalent of the $3,000 which he had mentioned as a money legacy.

The testator had been twice married, and the plaintiff and her older sister were children of the first marriage, and the defendants were children of the second marriage; and the circumstance that he had discriminated to some extent in favor of the defendants, children of the second marriage, is not sufficient to warrant the construction contended for by the plaintiff.

Counsel for the appellant calls our attention to the cases of *Gridley* v. *Gridley* (24 N. Y. 130) and *Brown* v. *Knapp* (79 id. 136). In the *Gridley* case the testator gave all his property to the defendant, who, it was alleged, "accepted the said several devises and bequests by said will made to him, and then and there took possession of all of the personal estate of the testator whereby he became liable to pay the said indebtedness and said annuity."

In the course of the opinion delivered in that case it was said "that where a testator devises all his real and personal estate, and charges the devisee with the payment of his debts and legacies, the

devisee, if he accepts the devise and bequest can be sued at law for the recovery of a debt due from the testator, or a legacy given by him, without an express promise on his part to pay." The case differs essentially from the one before us.

In *Brown* v. *Knapp* (*supra*) a legacy was given with a direction to the executor, who was a devisee of the real estate, to pay it, and it was held that the devisee "upon accepting the devise, becomes personally bound to pay the legacy; and this, although the land devised to him proves to be less in value than the amount of the legacy." That case is unlike the one in hand.

In the course of the opinion in *Loder* v. *Hatfield* (71 N. Y. 103) a similar question was under consideration, and it was said: "By entering into possession of the lands devised, upon condition of payment of these legacies, and thus accepting the benefit of the devise, the devisee became personally liable for the payment of the legacies." A similar doctrine was adverted to in *Bushnell* v. *Carpenter* (28 Hun, 19; S. C. affd., 92 N. Y. 270.)

In *Paterson* v. *Ellis* (11 Wend. 267) Chief Justice SAVAGE said: "The intention of the testator is always sought for in the construction of wills, and when that intention is ascertained, it will be executed, provided it is consistent with the laws of the land. It must be constantly borne in mind that, from the decisions of courts giving a construction to certain phrases, language often acquires a technical meaning, which seems to be quite the reverse of the common acceptation of the terms. If the gift is absolute, the legacy vests upon the death of the testator, with the assent of the executor, though the time of payment may be postponed; but if the gift is conditional, depending upon some future contingency, the legacy does not vest until the contingency happens."

We think the mention of the $3,000 in the early part of the 6th clause did not vest, absolutely, the legacy in the plaintiff; that it was provided conditionally that she should have the $3,000 unless Jessie and Jessamine shall decline to pay the same in sums of $500 yearly, and that whether such payments should be made by them depended upon their option or default, and that the default referred to was necessarily within the power and discretion of Jessie and Jessamine. This construction, under the evidence showing that the defendants refused to accept possession of the sixty acres, secured

to the plaintiff the right to hold the sixty acres " during her natural life." The testator in that event used language appropriate to " devise and bequeath " to the children (of the plaintiff) all the real or personal property that the plaintiff received from the estate of her father. The plaintiff must fail to recover the money legacy and accept in lieu thereof the sixty acres of land. It follows that her action to recover $500 of and towards the $3,000 mentioned in the 6th clause of the will under construction must fail.

The judgment should be affirmed, with costs.

All concurred, except WARD, J., dissenting.

Judgment affirmed, with costs.