JACOB H. SNYDER, Respondent, *v.* HARRIET M. ASH, Appellant, Impleaded with BENJAMIN W. ASH.

*Mortgage executed by a husband and wife upon premises in which each has a separate undivided interest — parol evidence concerning what the mortgagee said to the wife as to the effect of the mortgage upon the wife's interest is not admissible.*

In an action brought to foreclose a mortgage given by a husband and wife, to secure the payment of the husband's bond, on premises, three undivided fifths of which belong to the husband and two undivided fifths to the wife, for the consideration of $1,500, "to them duly paid," and covering "all that certain lot," describing it as an entirety, the wife cannot, in order to prove that her own estate in the premises was not incumbered by the mortgage, but that she only executed it for the purpose of releasing her inchoate right of dower in her husband's estate, show by parol evidence what the mortgagee said to her before the execution of the mortgage as to the effect of such execution.

HERRICK, J., dissented.

APPEAL by the defendant, Harriet M. Ash, by Benjamin W. File, her guardian *ad litem*, from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 10th day of February, 1898, upon the report of a referee, as subjects her estate in the mortgaged premises to the lien of the mortgage sought to be foreclosed in the action.

The appellant, Harriet M. Ash, being the owner of an undivided two-fifths of certain premises, and her husband, Benjamin W. Ash, being the owner of the other undivided three-fifths thereof, on March 16, 1874, executed and delivered to Jacob A. Snyder a mortgage thereon describing the whole premises, to secure the payment of a bond for $1,500 and interest, executed on the same date to said Snyder by said Benjamin, and upon account of Benjamin's sole indebtedness to Snyder, Harriet receiving no benefit therefrom. Jacob A. Snyder afterwards died, and the plaintiff is the owner of the bond and mortgage. Default in payment having been made, this action is to foreclose the mortgage. The appellant, Harriet M. Ash, by her answer alleges that she joined in the execution of the mortgage solely as the wife of Benjamin and only for the purpose of releasing her inchoate right of dower in his estate therein, and that she did not incumber her own estate therein, and that it was so

agreed and understood between her and said Jacob A. Snyder at the time of the execution of the mortgage.

The mortgage recites that it is made by "Benjamin W. Ash and Harriet M. Ash, his wife," for the consideration of $1,500 "to them duly paid," and is upon "all that certain lot," describing it as entirety, and is given to secure payment of the bond by Benjamin W. Ash. The appellant offered to prove by her husband that before she executed the mortgage, she told Jacob A. Snyder, the mortgagee, that she did not want to sign it if it covered her two-fifths interest, and that he told her it would not cover it, and thereupon she executed it. There was no evidence offered to the effect that the mortgage was not read over to her. The referee excluded the testimony and appellant excepted.

*Henry J. Speck*, for the appellant.

*Eugene Bryan*, for the respondent.

LANDON, J.:

The mortgage in terms covers the entire premises without reservation or exception and, therefore, covers the wife's estate in the undivided two-fifths thereof. (1 R. S. 748, § 1.) Cases like *Power v. Lester* (25 N. Y. 535) and *Gillig* v. *Maass* (28 id. 191), are to the effect that in respect of the husband's lands the joinder of the wife with him in the mortgage thereof only operates to release her contingent right of dower. Such was the effect here in respect of the husband's portion of the mortgaged lands. But the mortgage also covers the wife's portion of the premises. This portion the husband could not incumber, but she could, and did. The mortgage has the effect which its terms express. There is no ambiguity in it. The parol evidence offered as to what the mortgagee said as to the effect of her execution of it contradicts its terms, and was, therefore, properly excluded. (*Hutchins* v. *Hutchins*, 98 N. Y. 56.) Even if admitted, it would fall short of proving that she was misled thereby. If regarded as a misrepresentation as to its legal effect, then it was a mistake in law; and, in order to relieve the wife from its consequences and thrust them upon the mortgagee, the mortgagee must be shown guilty of some lack of good faith inducing the mis-

take. (*Haviland* v. *Willets*, 141 N. Y. 50; *Berry* v. *Am. Central Ins. Co.*, 132 id. 49.) There was no offer to show this.

The judgment must be affirmed, with costs.

All concurred, except HERRICK, J., dissenting.

HERRICK, J. (dissenting):

In this case husband and wife each owned an undivided part of the real estate. A mortgage upon the husband's portion necessarily described all the real estate.

It is conceded that, as a general rule, the joining by a wife with her husband in a mortgage is only effectual to release her inchoate right of dower.

If, however, she is to be considered as a mortgagor, and not merely as signing the instrument to cut off her right of dower, then as to that undivided portion of the real estate owned by her, and which alone she could mortgage, the mortgage must be treated as if it were a separate and independent mortgage. Like any other mortgage, the consideration for it is open to inquiry. (*Baird* v. *Baird*, 145 N. Y. 659; *Juilliard* v. *Chaffee*, 92 id. 529.)

The plaintiff stands in the shoes of the mortgagee.

"The proposition is well established that the assignee of a mortgage takes it subject to all the defenses, legal and equitable, which the mortgagor has against the enforcement of it by the assignor at the time of the assignment." (*Hill* v. *Hoole*, 116 N. Y. 299; *Ingraham* v. *Disborough*, 57 id. 421; *Dodge* v. *Manning*, 29 App. Div. 29; *Trustees of Union College* v. *Wheeler*, 61 N. Y. 88; *Westfall* v. *Jones*, 23 Barb. 9, approved in *Hill* v. *Hoole*.)

In this case it appears that the appellant received no part of the consideration for the mortgage; as to her property, then, the mortgage was without consideration and is not enforcible against her.

The defendant Harriet M. Ash, having joined in the mortgage as the wife of Benjamin W. Ash, under ordinary circumstances the presumption would be that she merely intended to release her inchoate right of dower; but it appearing that the real estate covered by the mortgage embraced real estate owned by her as the tenant in common with her husband, thereby causing a doubt as to whether a mortgage which, under ordinary circumstances, would only be con-

strued as a release or conveyance of an inchoate right of dower, did, according to its terms, also include the property owned by her personally, I think parol evidence was admissible to show that she executed it only upon the understanding and agreement that it was to cover only her dower interest in her husband's property.

It seems to me, therefore, that as to that portion of the real estate of which the appellant, Harriet M. Ash, is the owner, the judgment should be reversed.

Judgment affirmed, with costs.