## C. A. BURTON MACHINERY CO. v DAVIES.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1913.)

No. 3,832.

1. EXECUTORS AND ADMINISTRATORS (§ 315*)—ORDER FOR DISTRIBUTION—COLLATERAL ATTACK—JURISDICTION.

Orders of the probate court, under which the assets of a decedent's estate are distributed, cannot be collaterally attacked.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1298–1314; Dec. Dig. § 315;* Judgment, Cent. Dig. § 1067.]

2. WILLS (§ 832*)—LEGACIES—LIABILITY OF LEGATEE FOR DEBT.

A legatee, taking assets of a testator's estate, does not thereby become personally charged with the payment of debts under an implied contract, unless the implication of an assumpsit fairly arises from the circumstances, and the duty to pay is created either by express words in the will or a plain implication of personal liability.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2139–2155; Dec. Dig. § 832.*]

3. WILLS (§ 830*)—LEGACIES—LIABILITY OF LEGATEE FOR DEBT.

Where testator's will made his widow substantially a residuary legatee, but did not charge her personally with the payment of his debts, and did not make their payment a condition of the legacy, no charge of debts being made on the property given her, other than that which follows from the law, irrespective of the terms of the will, the only departure from the ordinary course being a special reference to certain life insurance as a fund for debts, she did not, by accepting the terms of the will, incur a personal obligation to pay testator's debts.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2139, 2150; Dec Dig. § 830.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by the C. A. Burton Machinery Company, a corporation, against Laura J. Davies. Judgment for defendant, and plaintiff brings error. Affirmed.

A. S. Marley and J. C. Grover, both of Kansas City, Mo., for plaintiff in error.

John Cashman, of St. Louis, Mo., and W. W. Schwinn, of Wellington, Kan., for defendant in error.

Before HOOK and SMITH, Circuit Judges, and VAN VALKENBURGH, District Judge.

HOOK, Circuit Judge. This was an action by the Machinery Company to recover of Mrs. Davies a debt of her deceased husband, based upon the language of his will and her acts as executrix and legatee. At the conclusion of the evidence each party asked for a directed verdict. The trial court directed a verdict for defendant, and the plaintiff prosecuted this writ of error to reverse the judgment which followed.

The will, which was probated at Kansas City, Mo., the domicile of the testator, first directed that all his just debts and funeral expenses be paid. Next, he devised to defendant, his wife, a piece of real property in Kansas City and a quarter section of land in Oklahoma. The latter was subject to a life estate in third parties. Third, he bequeathed to her a policy of life insurance for $1,000, "subject to the debts of my estate." He then made a general devise and bequest to her of the remainder of his estate, and nominated her as sole executrix. There were two specific legacies, one of $5 and the other of $1, which need not be further mentioned, as plaintiff can gain nothing on account of them. The property above mentioned and a share of stock for $100 was all of consequence left by the testator. The defendant qualified as executrix, and by her acts elected to take under the will.

[1] The defendant is not liable as for a wrongful conversion to her own use of assets subject to plaintiff's claim. The share of stock was turned over to plaintiff; it also secured the value of the real estate in Kansas City through a sale by a public administrator who succeeded defendant in the administration of the estate; and the insurance money was distributed under the orders of the probate court, which had jurisdiction of the subject-matter and the parties, and those orders cannot be collaterally attacked. There was left only the remainder after life estate in the Oklahoma land, and, though defendant may have asserted title to it under the will, she had not converted it to her own use.

[2] Plaintiff's right of recovery therefore rests upon the proposition, asserted by counsel, that by electing to take under the will of her husband, and by taking possession of the assets of his estate, the defendant incurred a personal liability for his debts. The principle invoked is that of implied contract, arising from the acceptance of a benefit charged with a duty or burden. A plain case is where a legatee, who accepts the legacy, is personally directed in the will to pay something to another. It has also been held that the acceptance of a

devise of lands which are specially charged with the payment of certain sums to third persons imposes a personal obligation upon the devisee. Gridley v. Gridley, 24 N. Y. 135; Eyers' Appeal, 106 Pa. 184. But in every case the circumstances should be such as fairly to raise an implication of assumpsit. The duty to pay should arise from or be with respect to the particular bequest; and there should be express words or a plain implication of personal responsibility. Thus a bequest subject to legacies, with a direction that the legacies be paid "out of" the bequest, does not make a personal charge (Funk v. Eggleston, 92 Ill. 515, 34 Am. Rep. 136); and in Louisiana it is held that universal legatees are personally bound to pay particular legacies charged on their bequests only to the extent of the effects of the succession (Eskridge v. Farrar, 30 La. Ann. 718).

[3] Where there is no conversion of a fund or property subject to a charge, and no apparent intent of the testator to impose a personal liability, an assumpsit should not be lightly implied. For example, residuary bequests to near relatives, subject to debts and specific legacies, and the designation of the residuary legatees as executors, are of common occurrence. It also frequently happens that the existence of a residue depends upon contingencies which cannot be foreseen in advance of administration of the estate. In the absence of plain words in the will requiring it, there would be no reason or justice in holding the legatees to a personal obligation merely because they assumed their testamentary duties and manifested an acceptance of what might be left after debts and special gifts. In the case at bar defendant was substantially a residuary legatee. The testator did not charge her personally with the payment of his debts, nor did he make the payment of them a condition of the legacy. No charge of debts was made upon the property given her, other than that which follows from the law, irrespective of the terms of a will. The only departure from the ordinary course of the law was the special reference to the insurance as a fund for debts; but the personal estate is ordinarily the primary fund, and the insurance was the principal if not the only ready cash item. So far as plaintiff is concerned, we do not think the case is different from what it would have been, had the testator made no reference to his debts, but had left them to the usual and ordinary course of the law; nor do we think it was his intention to impose upon the defendant a personal obligation.

The judgment is affirmed.