STURMWALD v. POPPE et al.   (No. 6789.)

(Supreme Court, Appellate Division, First Department.   February 5, 1915.)

1. WILLS (§ 749*)—LEGACY ON CONDITION—ENFORCEMENT—COMPLAINT.

A complaint alleged that a deceased member of a partnership by his will provided that the business should be carried on by the surviving partner during the lifetime of the decedent's wife, and that the surviving partner should pay to the wife interest on the decedent's investment and $1,000 a year out of the profits, and retain for his own use and benefit the remainder of the profits; that the surviving partner accepted the terms and provisions for his benefit contained therein, and until his death carried on the business and made the specified payments; that since his death his executors had been carrying on the business and had received profits, but had not made payments due under the will. *Held*, that the complaint stated a cause of action upon the acceptance by the legatee of the use of the decedent's interest in the partnership and the total profits to be realized from the business during the widow's lifetime, subject to the payment of interest and $1,000 out of the profits.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1934, 1935; Dec. Dig. § 749.*]

2. WILLS ( 658*)—LEGACY ON CONDITION—ACCEPTANCE OF CONDITION.

Under the will of a deceased member of a partnership, directing the surviving partner to carry on the business during the lifetime of the decedent's widow, make certain payments to the widow, and retain the remainder of the profits for his own use and benefit, the acceptance of this legacy by the surviving partner, subject to the charge, imposed upon him the duty of paying the charge.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1553, 1554; Dec. Dig. § 658.*]

3. WILLS (§ 748*)—LEGACY ON CONDITION—ENFORCEMENT—NECESSARY PARTIES.

Where a member of a partnership by his will directed the surviving partner to carry on the business during the lifetime of his widow, making certain payments to the widow and retaining the rest of the profits for his own use and benefit, his personal representatives were not necessary parties to an action by the widow for payments overdue, as they were to receive nothing out of the profits during the widow's lifetime, and had no interest in the litigation.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1918–1920, 1922–1933; Dec. Dig. § 748.*]

4. ACTION (§ 48*) — LEGACIES ON CONDITION — ENFORCEMENT — JOINDER OF CAUSES.

Where a member of a partnership by his will directed the surviving partner to carry on the business during his widow's lifetime and to pay

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the widow interest on his investment in the business and $1,000 a year out of the profits, such payments to be made quarterly and the rest of the profits to be retained by the surviving partner, and the surviving partner accepted the terms and provisions thereof, and made the required payments until his death, on November 20, 1913, in an action against his executors to recover payments due January 14, 1914, and April 14, 1914, causes of action were not improperly united to recover sums due from the surviving partner in his lifetime and sums payable by his representatives after his death, as both amounts sought to be recovered accrued after the surviving partner's death.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 450, 471, 490–510; Dec. Dig. § 48.*]

Appeal from Special Term, New York County.

Action by Elizabeth Sturmwald against Emma F. Poppe and others, as executors of Emil Poppe, deceased. From an order denying a motion for judgment on the pleadings, plaintiff appeals; and from so much of such order as gives plaintiff leave to serve an amended complaint, defendants appeal. Reversed, and motion for judgment granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

George H. Taylor, Jr., of New York City, for plaintiff.
Clarence U. Carruth, of New York City, for defendants.

DOWLING, J. Appeal from an order denying plaintiff's motion for judgment on the pleadings, consisting of a complaint and an amended demurrer thereto. The complaint alleges the following facts:

Raphael Sturmwald died on April 13, 1894, leaving a last will and testament, thereafter duly admitted to probate, whereby he directed that after his death the business carried on by him and his son-in-law, Emil Poppe, in the manufacture of paper boxes—

"shall be carried on by my said son-in-law during the lifetime of my said wife, and that during that time he shall, in the first place, pay to my said wife interest at the rate of six per cent. per annum upon the amount of capital which I may have invested in said business at the time of my decease as shown by the books of said firm, and that he shall in the next place pay to my said wife out of the profits of said business the sum of one thousand dollars per annum, and that he shall retain the remainder of said profits for his own use and benefit—said payments to be made to my said wife in equal quarter yearly payments, the provision of this clause being in accordance with the partnership agreement existing between me and my said son-in-law."

Testator left him surviving his widow, who is the plaintiff herein. Subsequent to the probate of the will, Emil Poppe, therein referred to, accepted the terms and provisions for his benefit contained therein, and thereafter and until the time of his death carried on the business theretofore conducted by him and Sturmwald as partners, and up to Poppe's death he duly paid to the plaintiff interest at the rate of 6 per cent. per annum upon the amount of the capital which Sturmwald had in the business at the time of his death, as shown by the firm's books, and also paid to the plaintiff, out of the profits of the business, the sum of $1,000 per annum, retaining the remainder of said profits to his own use and profit, making the said payments to plaintiff in equal quarter-

yearly payments, as provided in the will. The amount of capital (as shown on the firm's books) which Sturmwald had invested at the time of his death was $10,110.47. Emil Poppe died November 20, 1913, leaving a last will and testament, whereof the defendants are executors. Since his death the defendants have been carrying on the partnership business of Sturmwald & Poppe, and have received as profits therefrom in excess of the sum of $750. Neither Poppe nor the defendants have paid the interest accruing since October 13, 1913, nor the quarterly profits falling due January 14, 1914, and April 14, 1914, amounting to $250 each. The quarterly interest payments due January 14, 1914, and April 14, 1914, amount to $151.65 each. The prayer for relief is that judgment be granted against defendants for the total of such payments.

[1, 2] We believe that the complaint sufficiently sets forth a cause of action upon the acceptance by the legatee of the use of the interest of the testator in the copartnership and the total profits to be realized from the partnership business during the lifetime of the widow, subject to the payment to her of the interest on the decedent's capital invested therein, and of the sum of $1,000 per annum out of the profits. The acceptance of this legacy subject to this charge imposed upon Poppe the duty of paying the charge. Gridley v. Gridley, 24 N. Y. 130; Brown v. Knapp, 79 N. Y. 136; Dinan v. Coneys, 143 N. Y. 544, 38 N. E. 715.

[3, 4] It is urged that there is a defect of parties plaintiff or defendant, in that the personal representatives of the testator, Raphael Sturmwald, are not made parties. But the estate of Raphael Sturmwald has no interest in this litigation, for during the lifetime of the plaintiff such estate receives nothing whatever out of the profits of the business, which are divisible only between the plaintiff and the estate of Poppe in the manner fixed by Sturmwald's will. Nor are causes of action improperly united, in that sums due from Poppe in his lifetime are joined with those payable by his representatives after his decease, for the amounts payable to the plaintiff, which are sued for here, accrued respectively January 14, 1914, and April 14, 1914, both dates being after the death of Poppe, and it is alleged that the executor of Poppe has continued the business after his death, has used the interest of the plaintiff's testator in the copartnership, and has realized profits therefrom. It is not determined what recovery plaintiff is entitled to. All that it is necessary now to determine is that the plaintiff is entitled to some relief on the facts alleged in the complaint.

The order appealed from will therefore be reversed, with $10 costs and disbursements to the plaintiff, and the motion for judgment granted, but with leave to the defendants to withdraw their demurrer and interpose an answer within 20 days, on payment of said costs. All concur.